**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| G.B., a Minor, By and Through<br>His Parent and Natural Guardian,<br>SUSANNA H. | :<br>:<br>:   CIVIL ACTION<br>: |
| Plaintiffs, | :<br>: |
| v. | :   No.<br>: |
| EASTON AREA SCHOOL DISTRICT,<br>801 Bushkill Drive,<br>Easton, PA 18040-8186 | :<br>:<br>: |
| Defendant. | :<br>: |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1.   Plaintiffs G.B. and his parent, Susanna H. (collectively, the "Plaintiffs" or "Family")

through undersigned counsel, hereby file this Complaint seeking reasonable attorneys' fees and costs

against Defendant Easton Area School District ("Defendant" or the "District") as prevailing parties

pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B),

34 C.F.R. § 300.517; and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.

§ 794.

2.   Plaintiffs are the prevailing parties against the District in a recent due special

education due process proceeding under IDEA and Section 504. Following a multi-day evidentiary

hearing, the presiding Special Education Hearing Officer ordered the District to provide the minor

plaintiff, G.B., a substantial amount of compensatory education due to the District's violations of

IDEA and Section 504. Integral to Plaintiffs' victory in this proceeding was the legal work

undertaken prior to, and in connection with, a dispute over the District's refusal to provide requested

educational records to the Family, which resulted in Plaintiffs' instituting a prior due process proceeding. The end result of that prior proceeding was that the Family obtained the necessary educational records to file the later due process proceeding seeking substantive relief in the form of compensatory education on behalf of G.B., in which the Family recently prevailed.

3.  The legal work undertaken prior to the institution of the first due process proceeding, and in connection with that proceeding itself, including a later federal court action, was vital and integral to the extremely positive result obtained by Plaintiffs in the second due process proceeding. Plaintiffs therefore, pursuant to IDEA and Section 504, seek attorneys' fees for work performed in connection with this matter as a whole, including both due process proceedings.

## II.     PARTIES

4.  Plaintiff G.B. is a student with disabilities as defined by the IDEA, and is also a Protected Handicapped Student under Section 504. At all relevant times, he was a student enrolled in the District.

5.  Plaintiff Susanna H. is the mother and natural guardian of the minor plaintiff G.B., and has resided with G.B. in Easton, Pennsylvania at all relevant times to this Complaint.

6.  At all pertinent times, the District was the Local Educational Agency ("LEA") designated by Pennsylvania law and the Pennsylvania Department of Education to provide educational services to individuals like G.B., residing within the confines of the District. The address of the District is 801 Bushkill Drive, Easton, Pennsylvania, 18040-8186. The District is a recipient of several sources of federal funds.

## III.    JURISDICTION AND VENUE

7.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case raises federal questions under IDEA and Section 504.

8.      The family's claims and remedies are authorized by 20 U.S.C. §1415 (i)(3)(B), 29 U.S.C. § 794a, and 28 U.S.C. §§ 2201 and 2202, providing for declaratory and any further relief deemed necessary and proper. Plaintiffs have exhausted their administrative remedies where required under 20 U.S.C. § 1415(i), having timely pursued a Special Education due process Hearing.

9.      All of the Defendant's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

## IV.     FACTUAL BASIS FOR CLAIM

10.     The minor Plaintiff been identified pursuant to IDEA as an eligible student with a disability under the primary educational classification of Autism and secondary classifications of Speech and Language Impairment, Other Health Impairment, and a Specific Learning Disability in reading, writing and math. While G.B. attended school in the District, the District failed to appropriately evaluate G.B. and failed to provided him with appropriate special education supports and services pursuant to IDEA and Section 504.

11.     G.B.'s Individualized Education Program ("IEP") called for one-to-one paraprofessional support. A paraprofessional, Robin Rizzolo, was assigned as G.B.'s one-to-one paraprofessional. However, during the regular paraprofessional's lunch breaks, the District assigned a substitute paraprofessional, Linda Kharma, to provide the one-to-one support for G.B. The District failed to provide any specialized training to Ms. Kharma regarding students with Autism and she lacked any training specific to G.B.'s individual needs. Ms. Kharma readily admitted she knew nothing about G.B.'s needs. Furthermore, statements from other teachers establish Ms. Kharma lacked the training necessary to appropriately support G.B.

12.     On or about September 9, 2015, G.B. approached Ms. Rizzolo and informed her that

he had been assaulted by Ms. Kharma. The assault was confirmed by the principal, Dr. Charlene Symia, and G.B.'s parents were notified. However, Dr. Symia provided vague information and very few details about the assault.

13.     After G.B. reported that Ms. Kharma assaulted him, G.B.'s parents noticed negative changes in G.B.'s behaviors at home. G.B.'s behavior also deteriorated in the school setting. Although the District held multiple IEP meetings, the District made little to no changes to G.B.'s special education supports and services in response to the assault and its negative effects on G.B.

14.     The District never initiated the IDEA or Section 504 evaluation processes to address the potential impact the assault had on G.B. or on his education.

15.     To, *inter alia*, investigate and assess a possible due process proceeding against the District for its failure to provide G.B. the Free Appropriate Public Education ("FAPE") required by IDEA and Section 504, the Family requested from the District G.B.'s full educational records, including those related to the September 2015 incident. However, the District refused to provide the requested records regarding the September 2015 incident.

16.     Because obtaining the records was vital to the Family's obtaining substantive relief against the District for its denial of FAPE, the Family in July 2016 filed with the Pennsylvania Office of Dispute Resolution ("ODR"), a due process complaint pursuant to IDEA, Section 504, the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and Pennsylvania's Right to Know Law ("RTKL"), 65 P.S. § 67.101, seeking the release of the withheld educational records regarding G.B., including documentation regarding the September 2015 incident.

17.     Following the filing of the due process complaint, the District filed a motion to dismiss the complaint, arguing that the presiding Pennsylvania due process Hearing Officer, Brian Jason Ford, Esquire, lacked jurisdiction to hear claims arising under FERPA or RTKL, and that

IDEA does not provide a mechanism for the Family to obtain the relief that the Family sought.

18.     Following briefing on the District's motion, the Hearing Officer, in an Order dated October 5, 2016, denied the District's motion in substantial part. The Hearing Officer found that the IDEA gives the Family a right to access G.B.'s educational records and that when an LEA "refuses a parental request to access a child with a disability's records, the parent may seek access by means of an ODR due process hearing."

19.     The Hearing Officer further ruled that the District must identify documentation relating to the September 2015 incident, with redactions where appropriate, and grant the Family access to such records. To the extent that the District withheld any documents, the District was required to list such documents and provide the list to G.B.'s mother. "The due process hearing will then concern the Parent's right to access any of the listed withheld documents."

20.     Following the issuance of this Order, the District, in response to the Order, provided previously withheld documents to G.B.'s Parent, and the Family thereafter determined that the District had produced all educational records that the Hearing Officer ordered produced. The parties informed Hearing Officer Ford that a further evidentiary hearing was no longer necessary "provided that the Complaint, Motion to Dismiss, and Order are all part of the record in this matter." By order dated November 8, 2016, Hearing Officer Ford, upon consideration of the foregoing information, and determining that no further evidentiary hearing was necessary, closed the matter.

21.     The Family thereafter filed a Complaint in the Eastern District of Pennsylvania, No. 17-551, seeking statutory attorneys' fees as the prevailing party in the due process proceedings pursuant to IDEA and Section 504, and the matter was assigned to the Honorable Edward G. Smith. The District filed a motion for summary judgment, claiming that Plaintiffs were not prevailing parties and therefore not entitled to attorneys' fees.

22.     On February 14, 2017, while the federal court proceedings were ongoing, the Parent, having obtained the necessary educational records to proceed with a due process complaint for the District's denial of FAPE to G.B., initiated a second due process proceeding via a due process complaint that sought compensatory education from February 14, 2015 through February 14, 2017, for the District's violations of its duties pursuant to IDEA, Section 504, and Chapters 14 and 15 of the Pennsylvania Code.

23.     Thereafter, hearing sessions were held May 17, August 14, August 16, and October 4, 2017, at which time both parties presented evidence, including the educational records that were previously withheld by the District and were obtained through the first due process proceedings.

24.     Prior to the last due process hearing session, Judge Smith in the federal court matter granted summary judgment to the District on Plaintiffs' claim for fees and costs, finding that they were not prevailing parties in the first due process proceedings. Significantly, however, the Court ordered that Plaintiffs' claim for fees was denied without prejudice to Plaintiffs' seeking fees in the second due process proceeding, noting that Plaintiffs may prevail in the second due process proceedings "and thus may be entitled to attorneys' fees in that case......"

25.     On November 13, 2017, a Pennsylvania Special Education due process Hearing Officer in the second due process case issued an Opinion and Order finding that the District, min violation of IDEA and Section 504, failed to provide G.B. with a FAPE during the relevant period, and ordered the District to provide compensatory education to G.B. in an amount equal to three hours per day of educational services for every day on which G.B.'s neighborhood schools were open for students during the regular school term within the relevant period of time from February 14, 2015 to May 17, 2017.

26.     The Hearing Officer also directed the District to convene a meeting of G.B.'s IEP

team within fifteen days to develop a program of services that included the provision of direct, explicit, sequential, multisensory, and research-based interventions for reading, mathematics and writing, to be delivered in an appropriate learning support classroom on a one-to-one or small group basis.

27.     Because the Hearing Officer concluded the District failed to provide G.B. with FAPE and ordered the District to provide substantial compensatory education to G.B., and also ordered the District to substantially revise G.B.'s IEP to include more supports, the Plaintiffs obtained the key relief they sought in the due process proceedings. Therefore, Plaintiffs are the prevailing parties in the due process action, and entitled to an award of reasonable fees and cots pursuant to IDEA and Section 504.

28.     Plaintiffs have provided to the District a detailed invoice of the professional fees and costs incurred in connection with McAndrews' Law Offices representation of the Family in this matter, including legal work performed prior to, and in connection with, the first due process proceedings. However, the District has failed to remit or even offer to pay reasonable attorneys' fees and costs.

## V.     **STATUTORY AUTHORITY**

29.     The IDEA is a fee-shifting statute that permits recovery of reasonable attorneys' fees and costs by parents who prevail in an action or proceeding thereunder. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 300.517.  Attorneys' fees and costs, including expert costs, are also available to prevailing parties pursuant to Section 504, 29 U.S.C. § 794a.

30.     As the prevailing parties in this action pursuant to IDEA and Section 504, Plaintiffs are entitled to recoup their reasonable attorneys' fees and costs as prevailing parties, and are further entitled to counsel fees expended in pursuit of their fees and costs.

31.     The legal work performed on behalf of Plaintiffs prior to, and in connection with, the first  due process proceeding, was vital and integral to the relief obtained in the second due process proceeding.  Such work included investigating Plaintiffs' claims, obtaining educational records, and instituting and litigating a due process proceeding to obtain vital educational records withheld by the District, which became exhibits in the second due process proceedings.  Moreover, Judge Smith specifically ruled that Plaintiffs may seek the fees and costs sought in the prior federal court case in connection with the second due process proceeding, should Plaintiffs be the prevailing party in that second proceeding.  Plaintiffs are unquestionably the prevailing parties in the second due process proceeding, and therefore through this action seek all reasonable attorneys' fees and costs expended to obtain the extremely favorable results of that proceeding, including legal work performed prior to, and in connection with, the first due process proceeding.

32.     The legal work performed in connection with the federal court action before Judge Smith was also important to the instant action, in that Plaintiffs obtained an Order that allowed Plaintiffs to seek in the present action the fees and costs that were initially denied by Judge Smith, thereby preserving their claim for such fees and costs.  Plaintiffs in this action therefore also seek reasonable attorneys' fees and costs expended in the prior federal court action.

WHEREFORE, Plaintiffs respectfully request that this Court accept jurisdiction of this matter, enter an award of appropriate counsel fees and costs to Plaintiffs, including expert costs, and enter a further award as required by the interests of justice.

Respectfully submitted,

Michael E. Gehring, Esquire
PA ID No. 57224
Dennis C. McAndrews, Esquire
PA ID No. 28012
Jennifer M. L. Bradley, Esquire
PA ID No. 84087

McANDREWS LAW OFFICES
30 Cassatt Avenue
Berwyn, PA 19312
(610) 648-9300 (phone)
(610) 648-0433 (fax)

Attorneys for Plaintiffs